JS 44  (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Christopher McDermott and Katherine McDermott

**(b)** County of Residence of First Listed Plaintiff   York
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Adam G. Reedy, Handler, Henning & Rosenberg, LLP
1300 Linglestown Road- Suite 2, Harrisburg, PA 17110
717-238-2000

## DEFENDANTS

Carroll Tree Service, Inc. and Dan Zaccagnni

County of Residence of First Listed Defendant   Baltimore
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Joseph H. Riches, Esq., Law Offices of Jeffrey H. Eiseman
1515 Market Street, Suite 1802, Philadelphia, PA
215-446-7664

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
        Plaintiff

☒ 3   Federal Question
        *(U.S. Government Not a Party)*

☐ 2   U.S. Government
        Defendant

☐ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                        *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | ☐ 690 Other | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original
      Proceeding

☐ 2 Removed from
      State Court

☐ 3 Remanded from
      Appellate Court

☐ 4 Reinstated or
      Reopened

☐ 5 Transferred from
      Another District
      *(specify)*

☐ 6 Multidistrict
      Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Defendant ran red light and hit Plaintiff causing severe injuries to Plaintiff

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
      UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
04/12/2016

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER MCDERMOTT and KATHERINE MCDERMOTT, his wife, | NO.: |
| Plaintiffs, | FILED ELECTRONICALLY |
| v. | |
| CARROLL TREE SERVICE, INC., and DAN ZACCAGNINI, | CIVIL ACTION – LAW |
| Defendants. | |

## COMPLAINT

Plaintiffs, Christopher McDermott ("**Mr. McDermott**") and Katherine McDermott ("**Mrs. McDermott**"), by and through their attorneys, **HANDLER, HENNING & ROSENBERG, LLP**, make this Complaint against Defendants, Dan Zaccagnini ("**Zaccagnini**") and Carroll Tree Service, Inc., ("**Carroll**"), (collectively "**Defendants**"), and aver as follows:

1.      Mr. and Mrs. McDermott invoke jurisdiction of this Court under 28 U.S.C. § 1332(a) and F.R.C.P. 8(a)(1) as this is a civil action between citizens of different states.

2.      Venue lies in the Middle District of Pennsylvania under 28 U.S.C. § 1391 as this is a motor vehicle collision that occurred in the Middle District of Pennsylvania.

3. Mr. and Mrs. McDermott are adult individuals currently residing at 23 Birch Drive, Hanover, York County, Pennsylvania.

4. Zaccagnini is, upon information and belief, a competent adult individual and citizen of Maryland, with a last known address at 3754 Young Road, Manchester, Carroll County, Maryland.

5. At all times material hereto, Zaccagnini was a professional interstate commercial vehicle driver with a Maryland Commercial Driver's License.

6. Carroll is, upon information and belief, a Maryland corporation registered and doing business in the Commonwealth of Pennsylvania with a principal place of business at 74 Gwynns Mill Court, Owings Mills, Manchester County, Maryland.

7. Carroll is an interstate commercial carrier that carries trees, logs, stumps, shrubbery, branches, and other plants, and operates under U.S. Department of Transportation No. 1010301.

8. At all times material hereto, Defendants were required to follow and obey the Federal Motor Carrier Safety Regulations.

9. At all times material hereto, Defendants were required to follow and obey the laws of the Commonwealth of Pennsylvania, including State Motor Carrier Safety Regulations.

10.    At all times material hereto, Mr. McDermott was the operator of a 2011 Chevrolet HHR owned by Fidelity Engineering, and bearing Maryland license plate number 9AH1947("**Plaintiff's Vehicle**").

11.    At all times material hereto, Zaccagnini was the operator of a 2006 Mack tractor owned by Carroll, and bearing Maryland license plate number 755F43.

12.    At all times material hereto, Zaccagnini was operating a trailer, also owned by Carroll, and bearing Maine tag number 1896972.

13.    The tractor and trailer (collectively **"Defendants' Vehicle"**) were operated by Zaccagnini with the express permission of Carroll.

14.    At all times material hereto, Zaccagnini operated Defendants' Vehicle in the furtherance of the business of Carroll.

15.    At all times material hereto, Zaccagnini was an employee, agent, and servant of Carroll, and, while performing the acts alleged in this complaint, he was acting within the course and scope of such employment, agency, direction and commission.

16.    At all time material hereto, Mr. McDermott was insured under an automobile insurance policy with Geico Insurance Company, in which the Full-Tort option was selected.

3

17.    At all times material hereto, it was dark and there were no adverse weather or road conditions.

18.    On or about April 23, 2014, at approximately 4:33 a.m., Plaintiff's Vehicle was lawfully traveling eastbound on Blooming Grove Road approaching its intersection with Grandview Road in Penn Township, York County, Pennsylvania.

19.    At all times material hereto, the aforementioned intersection was controlled by a stop light for traffic approaching from both Blooming Grove Road and Grandview Road.

20.    At approximately the same time and place, Defendants' Vehicle was traveling northbound on Grandview Road approaching its intersection with Blooming Grove Road.

21.    At all times material hereto, the stop light for eastbound traffic on Blooming Grove Road was solid green.

22.    While simultaneously speeding and overweight, Defendants' Vehicle ran the red light for northbound Grandview Road traffic.

23.    Defendants' Vehicle, suddenly and without warning, pulled directly into the path of Plaintiff's Vehicle causing a collision.

24. As a direct and proximate result of Defendants' negligence and/or recklessness, Mr. McDermott sustained damages as set forth more specifically below.

### COUNT I - NEGLIGENT HIRING, TRAINING, ENTRUSTMENT, SUPERVISION, RETENTION, AND MAINTENANCE
### CHRISTOPHER MCDERMOTT v. CARROLL TREE SERVICE, INC.

25. All Prior Paragraphs are incorporated herein as if set forth fully below.

26. Mr. McDermott believes that after reasonable investigation and discovery, the facts will show the following.

27. Carroll is an interstate common carrier based out of Owings Mills, Maryland.

28. At all relevant times, Zaccagnini was a professional truck driver for Carroll and was acting within the scope and course of the business for Carroll.

29. Carroll was acting by and through its employees/agents and is responsible for the acts of those employees and agents pursuant to respondeat superior, agency, apparent agency, or similar theory of law.

30. Properly maintained tractor trailers driven by safe, properly trained, drivers paying attention to the roadway do not speed through red lights.

31. Carroll was negligent in hiring and/or contracting with Zaccagnini to drive the tractor trailer at issue.

32. Carroll was negligent in training Zaccagnini in the inspection of Defendants' Vehicle.

33. Carroll was negligent in failing to instruct Zaccagnini on how to properly drive Defendants' Vehicle.

34. Carroll was negligent in entrusting Zaccagnini to drive a truck professionally.

35. Carroll was negligent in retaining Zaccagnini to drive Defendants' Vehicle.

36. Carroll failed to conduct proper and required checks on the background of its employee, Zaccagnini.

37. Carroll failed to supervise Zaccagnini.

38. Carroll was negligent in its failure to exercise ordinary care to determine its employees' fitness for the task of driving a commercial vehicle interstate.

39. Carroll was negligent in its failure to properly maintain Defendants' Vehicle.

40. Carroll was negligent in its failure to timely inspect Defendants' Vehicle.

41. Prior to dispatching Defendants' Vehicle on to roadways, Carroll failed to weigh Defendants' Vehicle.

42.   Carroll had a duty to promulgate and enforce adequate safety rules, regulations, procedures, guidelines, and/or policies to ensure its drivers and vehicles were reasonably safe and the public was protected, and negligently failed to do so.

43.   Carroll failed to formulate and implement proper risk management systems to identify the risk of hazardous driving by its drivers, and failed to formulate appropriate policies, training, and systems to reduce the risks of hazards to members of the public, such as Mr. McDermott, from hazardous driving.

44.   Regardless of the employment relationship, Carroll is the registered owner of US DOT Number 1010301 displayed on the tractor involved in this wreck and is therefore responsible for the acts of the driver of that vehicle.

45.   Carroll controlled Zaccagnini, exercised authority to direct how Zaccagnini operated Defendants' Vehicle, and controlled the route.

46.   At all times, Defendants' Vehicle was being operated by Zaccagnini for Carroll's benefit.

47.   Had he been properly trained, Zaccagnini would have been aware, prior to April 23, 2014, that he was required to come to a complete stop at a red light, and to remain stopped until the traffic signal displayed a solid green ball.

48.   Had he been properly trained, Zaccagnini would have been aware, prior to April 23, 2014, that he was required to drive at a safe speed when operating a tractor trailer.

49.   As a professional commercial carrier, Carroll had a duty to ensure that Zaccagnini drove Defendants' Vehicle in an alert condition, paying attention to the roadway.

50.   Zaccagnini was required to pay attention to the roadway so he could timely stop for red traffic signals.

51.   At the time and place of this wreck, Carroll's driver was generally negligent under the circumstances then and there existing in that he:

    a.   failed to keep his vehicle under control;

    b.   failed to keep a proper lookout;

    c.   failed to yield the right-of-way to vehicles lawfully traveling on Blooming Grove Road;

    d.   failed to stop at a red signal before entering the intersection and remain stopped until green was shown;

    e.   failed to operate his vehicle in a safe and prudent manner in view of the conditions that existed at the time of the wreck;

    f.   operated his vehicle at an excessive speed with the permission of Carroll;

g.  failed to inspect his vehicle in a manner considerate of the safety and lives of the others persons lawfully on the road; and

h.  drove in a reckless manner.

52.  Carroll's driver's failure to adequately inspect his tractor trailer prior to the wreck, failure to pay attention to the roadway, failure to obey the red traffic signal, and his failure to take appropriate evasive action as a trained professional commercial truck driver, combined with the other acts of the Defendants, caused the wreck.

53.  Carroll's driver's failure to act appropriately, as a trained professional commercial truck driver, was the cause of the wreck in which Mr. McDermott was injured.

54.  In order to put the matter at issue, Mr. McDermott alleges that Carroll was negligent in the maintenance of Defendants' Vehicle and in the hiring, supervision, training, and retention of its driver, Zaccagnini, and is responsible for negligent entrustment of their Defendants' Vehicle to his care, and these acts of negligence, combined and concurring with the other acts of negligence of the Defendants, proximately resulted in the damages to Mr. McDermott.

## COUNT II – NEGLIGENCE
## CHRISTOPHER MCDERMOTT v. DAN ZACCAGNINI

55.    All prior paragraphs are incorporated herein as if set forth fully below.

56.    The occurrence of the aforementioned collision and all the resultant injuries to Mr. McDermott are the direct and proximate result of the negligence of Zaccagnini, generally and more specifically as set forth below:

a.    in failing to keep a proper lookout for vehicles lawfully traveling on Blooming Grove Road;

b.    in failing to yield the legal right-of-way to vehicles lawfully traveling on Blooming Grove Road, including Plaintiff's Vehicle;

c.    in failing to stop at a red signal before entering the intersection and remain stopped until green was shown, in violation of 75 Pa.C.S. § 3112(a)(3)(i);

d.    in failing to observe the steady red traffic-control signal then and there existing, in violation of 75 Pa.C.S. § 3112(a)(3)(i);

e.    in negligently driving Defendants' Vehicle into the intersection of Blooming Grove Road and Grandview Road without properly stopping;

f.      in failing to look both ways for approaching traffic before entering the intersection and in failing to continue to look as he advanced through the intersection;

g.      in driving his vehicle in careless disregard for the safety of persons or property, in violation of 75 Pa.C.S. § 3714;

h.      in failing to exercise the high degree of care required of a motorist entering an intersection;

i.      in failing to drive at a safe and appropriate speed when approaching and crossing an intersection, in violation of 75 Pa. C.S. § 3361;

j.      in disregarding the speed of vehicles, the condition of the roadway, and the traffic upon the roadway, in violation of 75 Pa. C.S. § 3310(a);

k.      in failing to have sufficient control of his vehicle, which would have allowed the vehicle to be stopped before doing injury to any person or thing likely to arise under the circumstances; and

l.      in failing to be continuously alert, in failing to perceive any warning of danger that was reasonably likely to exist, and in failing to have Defendants' Vehicle under such control that the injury to persons or property could be avoided.

11

57.     As a direct and proximate result of the negligence of Zaccagnini, Mr. McDermott, has:

    a.    sustained serious personal injuries including, but not limited to, a fractured right arm, bilateral fractures to his legs, a fractured right hip, six fractured ribs, injuries to the head, and significant scarring;

    b.    undergone medical care for his injuries, and he will continue to require the same in the indefinite future;

    c.    been, and will in the future be, hindered from performing his daily duties and chores, to his great loss, humiliation and embarrassment;

    d.    suffered great physical pain, discomfort and mental anguish and will continue to endure the same for an indefinite period of time in the future, to his great physical, emotional and financial detriment and loss;

    e.    been compelled, and will in the future be compelled, in order to effect a cure for the aforementioned injuries, to expend money for medicine and medical attention to his great detriment and loss;

    f.    suffered a loss of income and/or earning capacity and will

12

continue to endure the same for an indefinite period of time in the future, to his physical, emotional, and financial detriment and loss; and

g.   suffered a loss of life's pleasures and he will continue to suffer the same in the future, to his great detriment and loss.

58.   Mr. McDermott believes and, therefore, avers that his injuries are permanent and serious in nature.

**WHEREFORE**, Plaintiff, Christopher McDermott, demands judgment on his behalf and against Defendant, Dan Zaccagnini, in an amount in excess of $75,000.00, exclusive of interest and costs.

## COUNT III – PUNITIVE DAMAGES
## CHRISTOPHER MCDERMOTT v. DAN ZACCAGNINI

59.   All prior paragraphs are incorporated herein as if fully set forth below.

60.   The occurrence of the aforesaid collision and the resultant injuries to Mr. McDermott were caused directly and proximately by the outrageous and reckless conduct of the Zaccagnini, and more specifically, set forth below:

a.   in knowingly and willingly violating 75 Pa.C.S. § 3112(a)(3)(i) by failing to yield the right-of-way to Mr. McDermott entering the intersection from Blooming Grove Road;

b.   in knowingly and willingly violating 75 Pa.C.S. § 3112(a)(3)(i), by failing to stop at a red signal before entering the intersection

13

and remain stopped until green was shown;

c. in driving Defendants' Vehicle in willful or wanton disregard for the safety of persons or property, in violation of 75 Pa.C.S. § 3736;

d. in driving Defendants' Vehicle with conscious disregard and indifference of the red light through which he sped;

e. in Zaccagnini's reckless indifference to the rights of Mr. McDermott; and

f. in consciously disregarding the due care and caution that is required of a professional driver to safely operate a large vehicle, such as a tractor trailer.

61.     As a licensed tractor trailer driver, Zaccagnini knew, or should have known, that his conduct as set forth above involved a high degree of probability that substantial harm would result to persons on the road, such as Mr. McDermott.

62.     Zaccagnini's action in driving a tractor trailer through an intersection with a clearly marked red light amounted to outrageous conduct, which constituted reckless and wanton disregard for the safety of others, and Mr. McDermott specifically.

63.     Zaccagnini's conduct was outrageous and displayed a wanton and reckless indifference to the health, safety, and rights of the public generally, and

14

Mr. McDermott, specifically, and was in direct violation of statutes and regulations regulating drivers and commercial drivers in the Commonwealth of Pennsylvania.

64.     As a direct and proximate result of the reckless and outrageous conduct of Zaccagnini, Mr. McDermott has:

     a.    sustained serious personal injuries including, but not limited to, a fractured right arm, bilateral fractures to his legs, a fractured right hip, six fractured ribs, injuries to the head, and significant scarring;

     b.    undergone medical care for his injuries, and he will continue to require the same in the indefinite future;

     c.    been, and will in the future be, hindered from performing his daily duties and chores, to his great loss, humiliation and embarrassment;

     d.    suffered great physical pain, discomfort and mental anguish and will continue to endure the same for an indefinite period of time in the future, to his great physical, emotional and financial detriment and loss;

     e.    been compelled, and will in the future be compelled, in order to effect a cure for the aforementioned injuries, to expend money

for medicine and medical attention to his great detriment and loss;

f.     suffered a loss of income and/or earning capacity and will continue to endure the same for an indefinite period of time in the future, to his physical, emotional, and financial detriment and loss; and

g.     suffered a loss of life's pleasures and he will continue to suffer the same in the future, to his great detriment and loss.

65.     Zaccagnini's egregious behavior and outrageous conduct was a direct and proximate cause of the collision and resulting injuries to Mr. McDermott.

66.     Zaccagnini's violations of statutory provisions, which resulted in Mr. McDermott's injuries, evidenced outrageous, reckless, and intolerable conduct warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff, Christopher McDermott, demands judgment on his behalf and against Defendant, Dan Zaccagnini, in an amount in excess of $75,000.00, exclusive of interest and costs.

## COUNT IV- VICARIOUS LIABILITY
### CHRISTOPHER MCDERMOTT v. CARROLL TREE SERVICE, INC.

67.     All prior paragraphs are incorporated herein as if set forth fully below.

68.     At all times material to this action, Zaccagnini was an agent, servant, and/or employee of Carroll.

69. The occurrence of the aforementioned collision and the resultant injuries to Mr. McDermott are the direct and proximate result of the negligent, careless, reckless and/or outrageous conduct of Zaccagnini.

70. The aforementioned negligent, careless, reckless, and/or outrageous conduct of Zaccagnini occurred while acting in and upon the business of Carroll and within the course and scope of his employment with Carroll.

71. Carroll is vicariously liable for the acts of its agent, servant, or employee.

72. Carroll is vicariously liable for the negligent and careless behavior of Zaccagnini.

73. Carroll is vicariously liable for Mr. McDermott:

    a.    sustaining serious personal injuries including, but not limited to, a fractured right arm, bilateral fractures to his legs, a fractured right hip, six fractured ribs, injuries to the head, and significant scarring;

    b.    undergoing medical care for his injuries, and he will continue to require the same in the indefinite future;

    c.    being, and will in the future be, hindered from performing his daily duties and chores, to his great loss, humiliation and embarrassment;

d.    suffering great physical pain, discomfort and mental anguish and will continue to endure the same for an indefinite period of time in the future, to his great physical, emotional and financial detriment and loss;

e.    being compelled, in order to affect a cure for the aforesaid injuries, to spend money for medicine and/or medical attention for which she will be required to spend money for the same purposes in the future, to her detriment and loss;

f.    suffering a loss of income and/or earning capacity and will continue to endure the same for an indefinite period of time in the future, to his physical, emotional, and financial detriment and loss; and

g.    suffering a loss of life's pleasures and he will continue to suffer the same in the future, to his great detriment and loss.

**WHEREFORE**, Plaintiff, Christopher McDermott, demands judgment on his behalf and against Defendant, Carroll Tree Service, Inc., in an amount in excess of $75,000.00, exclusive of interest and costs.

## COUNT V – PUNITIVE DAMAGES
## CHRISTOPHER MCDERMOTT v. CARROLL TREE SERVICE, INC.

74.   All prior paragraphs are incorporated herein as if fully set forth below.

75.   The occurrence of the aforesaid collision and the resultant injuries to Mr. McDermott were caused directly and proximately by the outrageous and reckless conduct of Carroll as more specifically set forth below:

  a. in authorizing the dispatch of a vehicle with an overweight load on to roadways;

  b. in overloading Defendants' Vehicle;

  c. in Carroll's reckless indifference to the rights of Mr. McDermott; and

  d. in consciously disregarding the due care and caution that is required of a  interstate commercial carrier, which hauls materials, to safely load a large vehicle, such as a Tractor Trailer.

76.   Carroll knew, or should have known, that its conduct as set forth above involved a high degree of probability that substantial harm would result to persons on the road, such as Mr. McDermott.

77.   Carroll's action in overloading Defendants' Vehicle, exceeding the allowable weight limit, amounted to outrageous conduct, which constituted reckless and wanton disregard for the safety of others, Mr. McDermott specifically.

19

78.     As a direct and proximate result of the recklessness of the Carroll, Mr. McDermott has:

a.      sustained serious personal injuries including, but not limited to, a fractured right arm, bilateral fractures to his legs, a fractured right hip, six fractured ribs, injuries to the head, and significant scarring;

b.      undergone medical care for his injuries, and he will continue to require the same in the indefinite future;

c.      been, and will in the future be, hindered from performing his daily duties and chores, to his great loss, humiliation and embarrassment;

d.      suffered great physical pain, discomfort and mental anguish and will continue to endure the same for an indefinite period of time in the future, to his great physical, emotional and financial detriment and loss;

e.      been compelled, and will in the future be compelled, in order to effect a cure for the aforementioned injuries, to expend money for medicine and medical attention to his great detriment and loss;

f.   suffered a loss of income and/or earning capacity and will continue to endure the same for an indefinite period of time in the future, to his physical, emotional, and financial detriment and loss; and

g.   suffered a loss of life's pleasures and he will continue to suffer the same in the future, to his great detriment and loss.

**WHEREFORE**, Plaintiff, Christopher McDermott, demands judgment on his behalf and against Defendant, Carroll Tree Service, Inc., in an amount in excess of $75,000.00, exclusive of interest and costs.

## COUNT VI – LOSS OF CONSORTIUM
## KATHERINE MCDERMOTT v. DAN ZACCAGNINI

79.   All prior paragraphs are incorporated herein as if set forth fully below.

80.   At all times material hereto, Plaintiffs, Christopher and Katherine McDermott, were lawfully married as husband and wife.

81.   As a direct and proximate result of the aforementioned collision, Mrs. McDermott has:

a.   suffered a loss of consortium, society and comfort from her husband, Mr. McDermott, and will continue to suffer a similar loss in the future; and

b.   been compelled, in order to effect a cure for her husband's injuries, to spend money for medicine and medical attention

21

and will be required to spend money for the same purposes in the future, to her great detriment and loss.

**WHEREFORE**, Plaintiff, Katherine McDermott, seek damages from Defendant, Dan Zaccagnini, in an amount in excess of $75,000.00, exclusive of interest and costs.

## COUNT VII – LOSS OF CONSORTIUM
## KATHERINE MCDERMOTT v. CARROLL TREE SERVICE, INC.

82.     All prior paragraphs are incorporated herein as if set forth fully below.

83.     At all times material hereto, Plaintiffs, Christopher and Katherine McDermott, were lawfully married as husband and wife.

84.     As a direct and proximate result of the aforementioned collision, Mrs. McDermott has:

    a.    suffered a loss of consortium, society and comfort from her husband, Mr. McDermott, and will continue to suffer a similar loss in the future; and

    b.    been compelled, in order to effect a cure for her husband's injuries, to spend money for medicine and medical attention and will be required to spend money for the same purposes in the future, to her great detriment and loss.

22

**WHEREFORE**, Plaintiff, Katherine McDermott, seek damages from Defendant, Carroll Tree Service, in an amount in excess of $75,000.00, exclusive of interest and costs.

Respectfully submitted,

**HANDLER, HENNING & ROSENBERG, LLP**

Date: April ⟨12⟩th, 2016        By: _____

Adam G. Reedy (PA 206214)
**HANDLER, HENNING & ROSENBERG, LLP**
1300 Linglestown Road, Suite 2
Harrisburg, PA 17110
Ph. 717.238.2000
Fax 717.233.3029
reedy@hhrlaw.com

*Attorneys for Plaintiffs,*
*Christopher and Katherine McDermott*

23